## GUSTIN V. BRATTLE.

Absence at Halifax, without the jurisdiction of the United States, is not beyond sea, within the intent of the Statute of Limitations. Nor does going beyond sea, after cause of action accrues, come within the saving of the statute. And the disabilities mentioned in the proviso of the statute, do not relate to administrators which are appointed after the limitation hath taken effect. Nor does the acknowledgment of the debt revive the action, and thereby save a bond out of the statute.

ERROR from the Court of Common Pleas. The defendant in error, being administrator on the estate of William Brattle, Esq. deceased, brought his action of debt, against the plaintiff in error, declaring upon a bond given to the deceased, dated the 5th day of June, 1758.

The Statute of Limitations was pleaded in bar, which enacts — "That no suit shall be maintained on any bond, but within seventeen years after an action on the same shall accrue."— (expunging the time of the late war) — With a proviso — "That persons over sea, or legally incapable to bring their actions, may bring them within four years after coming from over sea, or becoming legally capable."

Replication.— That in the month of March, 1776, the said William Brattle went over sea, to Halifax, in the province of Nova Scotia, and there remained till the 26th day of October, 1776, when he died intestate; and that administration was not granted on his estate until the 9th day of October, 1784; and therefore no person was legally capable to bring an action on said bond from the 26th day of October, 1776, to the 9th day of October, 1784, when the plaintiff became legally capable; and that this action was commenced within four years from said 9th day of October:— And that the late war commenced the 19th day of April, A. D. 1775, and terminated the 4th day of May, 1783; and that within seventeen years of the bringing the action, exclusive of the war, there was a payment made, and balance acknowledged to be due, which was subscribed to by both parties, on the

back of the bond, in these words:—"March 14th, 1764, due on this bond, one hundred forty-five pounds four shillings and six pence.

"WILLIAM BRATTLE,

"THOMAS GUSTIN."

On demurrer, judgment, by the Court of Common Pleas, was for the plaintiff.

The general error being assigned, three points were made by the counsel:

1. That the obligee was over sea — and so within the saving of the statute.

2. That the administrator was legally incapable to bring his action, until after letters of administration were granted.

3. That an acknowledgment of the debt, within seventeen years, saved the bond out of the statute.

This case was argued last term, by Mr. Hyde and Mr. Babcock, for the plaintiff in error, and by Mr. Huntington and Mr. Parsons, for the defendant; and the question being of considerable importance, was ordered to lie for further argument. It was again argued this term, and the judgment of the Court of Common Pleas reversed.

By the COURT. As to the first point — Halifax is not over sea, but on the main land; and not at so great a distance as any place over sea. Barely its being out of this state, or jurisdiction, does not bring it within the words or reason of the proviso. Beyond seas, in the English Statute of Limitations, of the 21 Jas. I, has been adjudged not to extend to Scotland, though without the jurisdiction of the courts of England. And in King and Walker's case, 1 Black. 286, it was held, that the words should be literally adhered to; for that the statute being a very beneficial one, the savings out of it should not be enlarged by construction.

But, admitting Halifax to be over sea, within the meaning of the statute, still the obligee, as he removed there long after his right of action accrued (viz. but two months before the seventeen years expired) is not within the saving; — it extends only to persons over sea, when their cause of action accrues. The saving for absentees, in the statute limiting the time of entry into lands, is expressly so; and this must be the understanding here. It is a person's own folly, if, after a limitation begins to run against him, he removes out of the country, and makes no provision for the recovery of his debts. In Cod and Hill's case, 1 Wilson, 134, upon the statute of James, it was adjudged, that a creditor, after cause of action, removing beyond sea, and remaining there till his death, did not bring him within the saving of absent plaintiffs.

2. As to the administrator's right of four years to sue, notwithstanding the seventeen are elapsed — it is not within the proviso of the act. The words are — " Persons legally incapable to bring their actions, may bring them in four years after becoming legally capable." The disability to bring their actions here mentioned, supposes the persons under it to have at the same time a right or cause of action vested in them; and does not, therefore, apply to an administrator, whose right or cause of action, and capacity to sue, commence at one and the same time. In the case of Cary et ux v. Stevenson, Salk. 421, upon the statute of James, the administrator was indeed allowed six years after administration granted; but it was expressly upon the ground (whether that would justify the decision or not) that the defendant's receipt of the money sued for, being after the death of the intestate, was not cause of action in him, and that

right of action, or the plaintiff's title never accrued till administration was granted. In Wilcocks' case, Stra. 907, the plaintiff, who was administrator to an administrator, and sued four years after the death of the first administrator, who sued within six years of the promise, and died pending the suit, failed in his action; and it was there holden, that he could have only one year, and that upon the equity of the case, which allows one year to commence a new suit, where the judgment was arrested or reversed. A reversioner cannot have error after twenty years, though his title did not accrue till after, notwithstanding the saving clause for disabled persons in the statute in that case. Stra. 1257.— Provisos for persons under disability, can only introduce the disabled persons, and not those who were never under any disability. An administrator comes but in place of the intestate, and is in contemplation of law, as to Statutes of Limitation, the same person. If, having right to administration, he doth not take it as soon as the intestate dies, it is his *lach*, but not his disability. The rule is, with regard to Statutes of Limitation, as was held in Gray's case, Stra. 556, that the limitation having once began, the statute runs over all mesne acts, as bankruptcy, coverture, infancy, etc. The administrator, therefore, in the present case, is not within the saving of the statute for disabled persons. Nor did he sue so soon after taking administration as he might have done, having suffered two years to elapse. Nor did right of action upon this bond ever vest in him, the seventeen years having expired, and the bond being dead long before his letters of administration were taken out.

3. As to the remaining point — That the acknowledgment of the debt within seventeen years, saves the bond: —

Gustin v. Brattle.

There is no saving for such a case, in the words of the statute. The doubt upon this point doth not arise from the words of the statute, or any practice that hath obtained upon it, but from the practice upon the English statute of the 21 Jas. I, which in similar terms limits actions upon simple contract debts to six years; yet there it is allowed, that an acknowledgment of the debt within six years saves it. The reason of which is not, as hath been suggested in this case, that the acknowledgment of the debt, by removing the presumption of its having been paid, takes it out of the mischief of the statute. No decision has gone on that ground, and it would be to save also, the trespasses limited in the same statute, where, within the limitation there has been an acknowledgment of the fact, and that satisfaction has not been made; which none have supposed. And although a presumption of such kind of debts being settled, when not sued for within six years, and the difficulty of preserving evidence of the settlement, were, doubtless, reasons which led to the adoption of the statute, as a general rule; yet it is not necessary that every case should be attended with those particular circumstances, in order to its being within the statute, any more than, that every person under twenty-one years of age should be wanting in discretion, in order to bring him within the general savings of law for minors. But the true reason why an acknowledgment of the debt within six years, is said to revive or take it out of the statute, is, that the statute only takes away the remedy, but doth not extinguish the debt. That the debt remains, and is good consideration of a promise to pay; which being in fact made, or there being an acknowledgment of the debt, which is considered as evidence of a

Gustin v. Brattle.

promise, a new right of action accrues, founded upon the new promise.    See 3 Bac. Abrid. 157; Ld. Raym. 389, 420, 741; Burr. 2628.—And in the case of Green and Crane, Ld. Raym. 1101, which was an assumpsit by an executor, laid upon a promise made to the testator, and *non assumpsit in fra sex annos* pleaded; and upon evidence, it appearing, that after the death of the testator, and six years from the time of the contract had elapsed, the defendant owed the debt to the executor, and promised to pay it; and the question being, whether that evidence would maintain the issue, the court, after an advisement, were all of opinion, that it would not; because the promise to the executor was out of the issue; but that it would have been otherwise, if the promise had been made to the testator, within six years.    It is upon the new promise, therefore, that the action is laid, and supported in the practice upon the statute of James; and it would be making void the statute to admit the contrary.

But what hath a new promise to do in the present case? This is not an assumpsit, but debt° upon a bond.    Nor could evidence of a promise (which is the most the acknowledgment of the debt can amount to) be admitted in the case; because it would not comport at all with the nature and ground of the action.

We are therefore of opinion, that the Court of Common Pleas erred, in giving judgment for the plaintiff.

LAW, C. J., dissenting.    I agree in opinion, that the indorsement on the bond will not save it out of the Statute of Limitation; but my only doubt is, whether it is not saved by the proviso.    It appears to me, the obligee was over sea, according to the true meaning and spirit of the statute.    The

common intercourse between this country and Halifax, must be by going over sea, as much as between this and South America; and to construe the statute so strictly, that none are within the proviso, but such as were under the disability when the cause of action first accrued, may do manifest injustice: For, by such construction, if the obligee happens to go beyond sea, or becomes a lunatic after the cause of action accrues, he is without remedy: And therefore, the most reasonable construction is, that the statute means to extend the saving to those disabilities which happen any time during the existence of the cause of action, and is not confined merely to the time of its originating.

DYER, J., dissenting. I conceive the statute pleaded in this case, to be founded on different principles and reasons from the statute of 21 James I. or the English Statute of Frauds and Perjuries; and that my brethren have in some measure mistaken the point, in placing their reasons, arguments, and authorities so much on that ground. Those statutes are founded merely on the uncertainty of verbal testimony, depending on the memory for a number of years. But the Statute of Limitation, pleaded in bar of this action, admits a complete evidence of the contract or obligation; and is therefore founded wholly on the presumption of payment, after a lapse of seventeen years: For it is not probable that a person under no particular disadvantage, or disability, would let a just debt remain such a length of time without either principal or interest being paid. This statute derived itself from the common law of England, and is built upon the same reasons and principles, and ought to be so construed, as to give it a similar operation. At common law,

full payment being pleaded to a bond, it might be given in evidence, that twenty years had elapsed from the time fixed for payment, without any demand or other transaction respecting it, having taken place, which, on the ground of presumption, would be deemed evidence sufficient to prove the issue; yet any transaction or circumstance, tending to lessen, or destroy such presumption, might be admitted to save the bond. The English statutes referred to, were evidently intended to remedy evils of a different nature from the one under consideration, and there may be great reasons for construing them strictly; but the statute here pleaded, being only to establish a certain presumptive evidence of payment, ought to receive a most liberal and favorable construction, so as, in no instance, to prevent the recovery of a debt, confessed by the parties to be just.

It appears from the pleadings, that the obligee was absent, residing at Halifax, in Nova Scotia, before the limitation expired: But it is said, that Halifax is not over sea, within the meaning of the proviso; and reference is had to the construction of the courts in England, on the statute 21 James I, where it is held, that Scotland is not over sea, in respect to England; but they are both on the same island, contiguous to each other, and under the same jurisdiction: And it hath always been held, that Ireland, though under the same jurisdiction, divided only by a channel, is within the proviso. See Holt's Reports, 127, 128.— Halifax is much more remote from us, than Ireland from England, is under a foreign jurisdiction, and accessible only by sea;— it comes, therefore, within the proviso, on much stronger ground, than Ireland with respect to England.

It is also said, that the obligee went beyond sea after cause of action arose; and therefore, not within the saving of the statute; and reference is had to the case of Cod v. Hill, 1 Wilson, 134: But that case was, of an executor who neglected to commence his action till more than six years after the death of the testator;— therefore, I conceive it does not apply: And to construe the statute, as hath been contended for, would give it an operation productive of great injustice. Absence beyond sea, may be occasioned suddenly, unexpectedly, and even involuntarily, while the obligee has good right of action, and he be detained beyond the limitation; but if this construction of the statute be adopted, his debt would be lost without remedy. Statutes in abridgment of right, are to receive a liberal and favorable construction, while those which are made in suppression of some wrong, are to be construed strictly. The statute under consideration is of the former description. Its object is only to substantiate and render more effectual a presumptive kind of evidence; and there is the strongest reasons for adopting a favorable construction, where it operates to defeat the recovery of a confessedly just debt, without any pretense of payment.

In respect to the saving — " That persons over sea, or legally incapable to bring their actions, may bring them within four years after their return, or becoming legally capable, notwithstanding the time limited is expired." — It is agreed, that the time of limitation had not run out against the obligee, when he died at Halifax; — it was a time of war, and there was no direct communication between the two countries for several years after. The present plaintiff was legally incapable to bring this action, till he took letters

of administration.  When administration was granted to him, he then became legally capable.  The law imputes no *lach* to a person under such circumstances; nor can the statute, by any possible construction, impute negligence to a person, for not taking upon him the burden of administration; nor will it subject the estate of the deceased to loss on that account. Such construction would defeat the purpose of the proviso. The case of Cary *et ux* v. Stephens, Salk. 421, referred to, is against the defendant in the present case, as to this point, that no *lach* is imputable to a person before he takes out letters of administration.  In that case, though the receipt of the money by the defendant, on which the duty or promise arose, was more than six years before action brought by the administrator; yet the time antecedent to his being administrator, and after the death of the intestate, was not considered to run or operate against him.   No *laches* are imputable to an infant or a *feme covert;* an infant hath a guardian, and a *feme covert* a husband, who are persons capable to bring an action; yet it is agreed, the statute doth not run against them, but that a time is allowed to bring their action, after they arrive at age, or become *discovert.* The reason applies much stronger in case of a person deceased, and totally incapable, till some person will step forward, and take administration, which only can give a legal ability to act in his stead.   The statute here pleaded, allows four years after administration granted; or, in other words, after legal ability to bring the action; and this action was brought within that time.  The case of an administrator to an administrator, cited from Strange, 907, and of a reversioner, Strange, 1257, do not seem to apply.  In the first case, they

Gustin v. Brattle.

both make but one, as to the estate of the deceased; and even in that case, one year was allowed, by force of reason and justice, though not within the words of the statute.  As to the reversioner, the estate is but one; and the divers limitations are all but one complete estate in fee.  It is said, an administrator comes in place of the intestate — true; — but he is a creature of the law, and bears no relation to the deceased, or his estate, till he obtains his letters and authority, and not till then has any ability to act.  It is said, that the limitation once begun, runs over all mesne acts, as bankruptcy, coverture, infancy, etc.  As to bankruptcy and coverture, it may, because, during the whole time, there are persons legally capable to bring the action; and it may be as to infancy, though a convenient time is allowed after the disability is removed; which is all that is contended for in this case:  And the reasoning applies with greater force to the case of a deceased person; for the others come to a right, or ability, of course, by the death of a husband, or the increase of the infant's years; but for administration, the act of another is required — a legal appointment, which is often long contested, and may be very uncertain in whom the right is; and rights arise, and depend upon neglect or refusal of those who have the prior claim.

As to the last point.— My opinion is not founded on the new acknowledgment of the debt, amounting to a new promise, or obligation, as in the cases on the statute of James. — Though the authorities on this subject are somewhat divided; some admitting a much slighter acknowledgment than others to revive the action; but they generally admit the principle, that the acknowledgment revives the action on the first promise; and it appears to be so, from the nature of

Gustin v. Brattle.

things, and of the action brought: For, if the action be brought on the renewed promise, which is supposed to be made within six years, such plea would be to no purpose; but if such new promise, or acknowledgment, was denied, the plea would be simply, *non assumpsit*, and the contest on the Statute of Limitations would be foreign to the subject. The case cited from Ld. Raym. 1101, was governed by this principle: It was brought by an executor, on a promise alleged to have been made to his testator; and attempts were made to support it by evidence of a new promise made to the executor; which was adjudged not to support the issue; but that it would have been otherwise, if both promises had been made to the testator, and the last within the six years.

But the present is a very different case, and upon a statute founded on very different principles, as hath been observed. This statute is not for want of sufficient evidence of the debt; but on a lapse of seventeen years, a presumption arises, that it hath been paid.—Any evidence which will remove that presumption, removes the ground and reason of the statute: — For presumption weighs only, till, by other evidence, it is diminished down to mere probability.— Though such an operation of the statute is not within the express terms, yet it is found to be within the reason; and whatever is within the reason of the statute, is within the statute.— *Ratione cessante, cessat etiam lex.*

Note.— This judgment was afterwards reversed in the Supreme Court of Errors.